IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

RONNIE HENINGTON                                                                                     PLAINTIFF

V.                               NO. 12-5022

MICHAEL J. ASTRUE,[1]
Commissioner of the Social Security Administration                              DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Ronnie Henington, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claims for a period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) under the provisions of Titles II and XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

**I.   Procedural Background:**

Plaintiff protectively filed his applications for DIB and SSI on November 10, 2009, alleging an inability to work since October 6, 2009,[2] due to "vertigo R.A. Arthritis, Carpal tunnel." (Tr. 141, 146). An administrative hearing was held on December 3, 2010, at which Plaintiff appeared with counsel and testified. (Tr. 24-43).

---

[1] Carolyn Colvin became the Acting Social Security Commissioner on February 14, 2013. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Carolyn Colvin has been substituted for Commissioner Michael J. Astrue as the defendant in this suit.

[2] At the hearing held before the ALJ, Plaintiff's counsel amended the onset date from May 8, 2006 to October 6, 2009. (Tr. 27).

By written decision dated December 29, 2010, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe - degenerative disk disease of the cervical spine, mild coronary artery disease (CAD), plantar fasciitis, carpal tunnel syndrome, and obesity. (Tr. 13). However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 13). The ALJ found Plaintiff retained the residual functional capacity (RFC) to perform:

> light work as defined in 20 CFR 404.1567(b) and 416.967(b). The claimant is able to lift/carry up to ten pounds frequently, twenty pounds occasionally. He is able to stand/walk for six hours in an eight-hour workday with normal breaks. He must avoid work at above the shoulder level or work requiring constant use of the hands for such repetitive tasks as keyboarding, but he can do work requiring frequent work with his hands.

(Tr. 16). With the help of a vocational expert (VE), the ALJ determined Plaintiff was capable of performing his past relevant work as a security guard. (Tr. 18).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied the request on December 13, 2011. (Tr. 1-3). Subsequently, Plaintiff filed this action (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 3). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 6, 10).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

**II.     Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by

-2-

substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F. 3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F. 3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F. 3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F. 3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§423(d)(3), 1382(3)(D). A Plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant had engaged in substantial

gainful activity since filing his claim; (2) whether the claimant had a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) met or equaled an impairment in the listings; (4) whether the impairment(s) prevented the claimant from doing past relevant work; and (5) whether the claimant was able to perform other work in the national economy given his age, education, and experience. See 20 C.F.R. §416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of his residual functional capacity (RFC). See McCoy v. Schneider, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §416.920.

### III.  Discussion:

Plaintiff raises the following issues on appeal: 1) The ALJ erred when he did not properly consider the combination of impairments relating to Plaintiff's obesity; 2) The ALJ erred in rejecting Plaintiff's complaints of disabling pain; and 3) the ALJ's decision was not supported by substantial evidence because he failed to fully and fairly develop the record. (Doc. 6).

#### A.   Combination of Impairments:

In his decision, the ALJ set forth the fact that at step two, he must determine whether Plaintiff had "a medically determinable impairment that is 'severe' or a combination of impairments that is 'severe.'" (Tr. 12).  He also stated that an impairment or combination of impairments was "not severe" when medical and other evidence established only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on an individual's ability to work. (Tr. 12). The ALJ also stated that at step three, he must determine whether the Plaintiff's "impairment or combination of impairments " meets or medically equals the criteria of an impairment listed in the relevant listings. (Tr. 12). The ALJ

concluded that after carefully considering the Plaintiff's specific impairments, "and considering their severity, singly and in combination, ... it is found and determination [sic] that the claimant's impairments do not meet or equal in severity any impairment(s) in the Listing." (Tr. 16). This language demonstrates that the ALJ considered the combined effect of Plaintiff's impairments, including Plaintiff's obesity. See Martise v. Astrue, 641 F.3d 909, 924 (8th Cir. 2011); Raney v. Barnhart, 396 F.3d 1007, 1011 (8th Cir. 2005).

In addition, the ALJ recognized that the evidence documented a combination of both obesity and a cardiovascular impairment, and that obesity may be associated with disturbance of the cardiovascular system, and could be a major cause of disability in obese individuals. (Tr. 14). He further stated:

> [S]pecific consideration has been given to the interactive and cumulative impact of [sic] with each of the other impairments, including cardiovascular functioning. However, documentation is not found of an impairment or combination of impairments, which meets, or equal in severity any impairment in Section 4.00 of the Commissioner's listing of Impairments.
>
> . . .
>
> While obesity is established by the medical record in this case, and obesity can cause, factor into, or exacerbate several of the claimant's alleged problems and limitations, the evidentiary record does [not] indicate that any health care professional has indicated any limitation attention to the obesity. The obesity is not shown to adversely affect the claimant's ability to perform routine movement and necessary physical activity within the residual functional capacity described below....The obesity, while significant, does not itself, and does not factor into any medically determinable impairment or impairments of such severity as to meet or equal in severity any impairment in the Commissioner's listing of Impairments.

(Tr. 15-16).

Finally, Plaintiff failed to allege obesity as an impairment in his application, which is

significant. Dunahoo v. Apfel, 241 F.3d 1033, 1039 (8th Cir. 2001).

Based upon the foregoing, the Court finds there is substantial evidence to indicate that the ALJ considered the combination of impairments relating to Plaintiff's obesity.

**B.     Subjective allegations of Pain and Credibility Findings:**

The ALJ was required to consider all the evidence relating to Plaintiff's subjective complaints including evidence presented by third parties that relates to: (1) Plaintiff's daily activities; (2) the duration, frequency, and intensity of his pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of his medication; and (5) functional restrictions. See Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). While an ALJ may not discount a claimant's subjective complaints solely because the medical evidence fails to support them, an ALJ may discount those complaints where inconsistencies appear in the record as a whole. Id. As the Eighth Circuit has observed, "Our touchstone is that [a claimant's] credibility is primarily a matter for the ALJ to decide." Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003).

In the present case, the ALJ found that after consideration of the evidence, Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms. (Tr. 18). However, he also found that Plaintiff's statements concerning the intensity, persistence and limiting effects of the symptoms were not credible to the extent they were inconsistent with his RFC assessment. (Tr. 18).

The record reflects that with respect to Plaintiff's daily activities, in a Function Report-Adult, dated January 16, 2010, Plaintiff reported that he tried to get those things done that needed to be done. (Tr. 174). He reported that he did laundry (every Saturday), cleaned a room every day

or two, tried to mow the lawn every two weeks in spring and summer, did household repairs as needed, tried to go outside every day, shopped for food and gas, and went across the street to his mothers and sisters to visit and play board games. (Tr. 176-177). In a Disability Report - Appeals, dated March 30, 2010, Plaintiff reported increased pain in his back, leg, neck and headaches. (Tr. 194). He reported that he could bathe and dress himself, but that his daughter usually fixed his meals for him, and that since October he had not been able to do anything for longer than 2 hours before he needed to rest for 2-3 hours.

At the hearing held on December 3, 2010, Plaintiff stated that he was not taking any medicine except Aspirin because he could not afford any medicine. (Tr. 31). He stated that when he was taking medicine, sometimes it helped and other times it did not. (Tr. 31). He reported that his pain was moderate "but I can kind of live with it." (Tr. 32). He stated that during the day, he sat, tried to walk as much as he could, and get exercise. (Tr. 35). He stated that when his son wanted to go hunting, he would walk in the sand as much as he could because it was more untracked, and he would do that for one to two hours. (Tr. 35).

The ALJ discussed the criteria for evaluation of allegations of symptoms and credibility (SSR 96-7p), and concluded that Plaintiff's statements concerning his symptoms were not credible to the extent they were inconsistent with the RFC. The Court cannot help but note that even Plaintiff's treating physicians from Cooper Family Medicine, on more than one occasion, questioned Plaintiff's allegations of pain, since they were unable to find the etiology of Plaintiff's pain. For example, on January 8, 2009, Dr. Karl W. Haws, DO, reported that from an objective standpoint, "it appears Mr. Henington is trying to find some reason to not work." (Tr. 441). On April 8, 2009, Dr. Craig Cooper reported that Plaintiff had no real knowledge of his medications

or of the doctors he was seeing. (Tr. 442). He also reported that he discussed Plaintiff's condition with him at great length, that it would be helpful if he got back to his weight from about ten years ago, and that there might be "some secondary issues involved, possibly is trying to make a case for disability." (Tr. 442-443).

On July 9, 2009, Dr. Haws reported that Plaintiff always mentioned that working "made it worse, my suspicion is that he is trying to work himself into a case of disability." (Tr. 443). On September 2, 2009, Dr. Haws noted that Plaintiff had good range of motion of his left upper extremity both actively and passively, and that he had reviewed Dr. Toy's note and was in agreement that he could not find an etiology for all of the Plaintiff's symptoms. (Tr. 444). He added:

> Most of his complaints are always very subjective, leaving very little room for objective findings. ... One of his topics today is disability. I explained that he was certainly welcome to apply and has apparently already looked into this. Other than his subjective complaints of pain and discomfort and inability to do his job there is really nothing from a clinical objective standpoint to document his complaints. By his history it appears he has carpal tunnel syndrome, but when it is offered to set him up with a surgeon for repair he is uncertain if he wants to partake of such. Over the past several months it has been his goal to get disability, but I am not certain there is a true medical reason to back that up which we can verify.

(Tr. 444).

On December 14, 2009, an Occupational Therapist noted that Plaintiff seemed to be very focused on obtaining disability status. (Tr. 544). On February 23, 2010, Dr. Haws noted that Plaintiff had not been taking his medication for a few months, and that he filled out his disability paperwork "but I doubt this is going to help him much. As I stated in the past we have no clinical objective evidence to support the degree of pain of which he complains." (Tr. 480). Dr.

Haws reported that he had reviewed some of the medical records in Plaintiff's chart from Dr. Heim and Dr. Toy, and that neither specialist could identify an etiology for Plaintiff's pain. (Tr. 480). He also reported that Plaintiff was sent to Dr. Routsong, who "apparently suggested he see a pain management specialist." (Tr. 480).

The Court finds that considering the record as a whole, there is substantial evidence to support the ALJ's finding that Plaintiff's statements concerning the intensity, persistence and limiting effects of Plaintiff's symptoms were not credible to the extent they were inconsistent with his RFC assessment.

### C.     Fully and Fairly Developing the Record:

The ALJ has a duty to fully and fairly develop the record. See Frankl v. Shalala, 47 F.3d 935, 938 (8th Cir. 1995); Freeman v. Apfel, 208 F.3d 687, 692 (8th Cir. 2000). This is particularly true when Plaintiff is not represented by counsel. Payton v. Shalala, 25 FG.3d 684, 686 (8th Cir. 1994). This can be done by re-contacting medical sources and by ordering additional consultative examinations, if necessary. See 20 C.F.R. § 404.1512. The ALJ's duty to fully and fairly develop the record is independent of Plaintiff's burden to press her case. Vossen v. Astrue, 612 F.3d 1011, 1016 (8th Cir. 2010). However, the ALJ is not required to function as Plaintiff's substitute counsel, but only to develop a reasonably complete record. See Shannon v. Chater, 54 F.3d 484, 488 (8th Cir. 1995)("reversal due to failure to develop the record is only warranted where such failure is unfair or prejudicial"). "The regulations do not require the Secretary or the ALJ to order a consultative evaluation of every alleged impairment. They simply grant the ALJ the authority to do so if the existing medical sources do not contain sufficient evidence to make a determination." Matthews v. Bowen, 879 F.2d 423, 424 (8th Cir.

-9-

989).

Plaintiff argues that the ALJ failed to consider all of the medical evidence in the record. As noted by Defendant, at the opening of the December 3, 2010 hearing, Plaintiff's attorney confirmed that the record was fully developed and complete. (Tr. 26).

The ALJ discussed the medical records of Dr. Dean Bright regarding Plaintiff's plantar fasciitis (Tr. 15), Dr. John M. Heim, D.O., regarding Plaintiff's carpal tunnel syndrome (Tr. 447, 505), Dr. Craig Cooper, D.O. (Tr. 442), Dr. Walton C. Toy (Tr. 435), and Dr. Alice Davidson, the non-examining physician who completed a Physical RFC Assessment on February 11, 2010. (Tr. 465-472).

The ALJ accepted the assessment of Dr. Davidson as in accord and consistent with the whole of the evidence. (Tr. 17). After reviewing the record as a whole, the Court finds that there was sufficient evidence before the ALJ to make a determination as to Plaintiff's condition. In fact, the records of Plaintiff's treating physicians tend to support the ALJ's decision as well as the non-examining physician's assessment.

Accordingly, the Court finds that the ALJ fully and fairly developed the record.

**IV.    Conclusion:**

Accordingly, having carefully reviewed the record, the Court finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision is hereby affirmed. The Plaintiff's Complaint should be, and is hereby, dismissed with prejudice.

IT IS SO ORDERED this 1st day of March, 2013.

/s/ *Erin L. Setser*
HONORABLE ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE